UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SHOEMAKER (#98987)                                CIVIL ACTION

VERSUS

EDWARD GONZALES, ET AL.                                   NO. 09-0960-JVP-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen(14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 16, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL SHOEMAKER (#98987)**                    **CIVIL ACTION**

**VERSUS**

**EDWARD GONZALES, ET AL.**                       **NO. 09-0960-JVP-CN**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1985 against attorney Edward Gonzales, attorney Kyla Blanchard Romanach, Episcopal Chaplain Charles DeGravelles, and social worker Theresa Kontos.  The plaintiff complains that he is confined at LSP as "the result of defendants' conspiracy for the purpose of impeding, hindering, obstructing or defeating the due course of justice" in his criminal proceedings in Ascension Parish, Louisiana.  The plaintiff asserts that he was arrested in November, 2004, on charges of attempted murder, and defendants Gonzales and Romanach offered to represent him in connection with that prosecution.  The plaintiff complains, however, that although he repeatedly advised the defendant attorneys that the incident which led to his prosecution was in fact the result of wrongful conduct by defendant Kontos in providing the plaintiff with a harmful medication without notification of its potential side-effects, the defendants failed to pursue a defense relative to this medication and instead conspired with defendant DeGravelles to suppress information regarding the wrongful actions of defendant Kontos.  The plaintiff further asserts that his attorneys labored under a conflict of interest during the criminal trial because they worked with the Episcopal prison ministry at LSP, which was

founded by defendant DeGravelles, and defendant DeGravelles was the person who had referred the plaintiff to defendant Kontos for mental health services.  The plaintiff prays for monetary damages as a result of the defendants' alleged wrongful conduct.

Inasmuch as the plaintiff has paid the Court's filing fee, the screening procedure with respect to in forma pauperis complaints under 28 U.S.C. § 1915(e) is inapplicable.  Nor does 28 U.S.C. § 1915A apply inasmuch as the plaintiff is not seeking recovery from a governmental entity, officer, or employee.  However, the Court may dismiss a fee-paid Complaint upon substantive review for failure of the plaintiff to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Baker v. White, 30 F.3d 1491 (5th Cir. 1994).  Further, when a plaintiff's Complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court.  Dilworth v. Dallas County Community College Dist., 81 F.3d 616 (5th Cir. 1996), citing Oliveres v. Martin, 555 F.2d 1192 (5th cir. 1977).  Indeed, the United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit".  Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)(citation and internal quotation omitted).  "A claim is insubstantial only if its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." Id. (citation and internal quotation omitted).  See also Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)(mentioning in dicta that "[s]tatutory provisions may simply

codify existing rights or powers.  Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999) (recognizing a district court's authority to conduct a limited screening procedure, sua sponte, of a fee-paid Complaint, if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion", citing Hagans v. Lavine, supra).

Undertaking an analysis of the plaintiff's Complaint, it appears that the claims asserted therein are clearly groundless.  Initially, it appears that the plaintiff has named the defendants herein in both their individual and their official capacities.  Notwithstanding, inasmuch as the defendants are not asserted to have been acting as employees or representatives of the State of Louisiana, there is no basis for finding them to stand in any official capacity whatever in this case.  Further, even were the defendants to be seen to have been acting in some unspecified quasi-official capacity, the federal civil rights statutes do not provide a federal forum for litigants who seek a remedy against a State, or its representatives, for the alleged deprivations of civil liberties.  Neither a State nor its officials acting in their official capacities are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim against the defendants in their "official" capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, it does not appear that the plaintiff has

asserted a claim against any person acting "under color of state law", which is a prerequisite for the assertion of a claim brought under the federal civil rights statutes.  A private individual is generally not considered to act under color of law, i.e., is not considered to be a state actor.  <u>Pleasant v. Caraway</u>, 25 F.3d 1044 (5th Cir. 1994).  Further, although a private person may act under color of law in certain circumstances, as when he is involved in a conspiracy or participates in joint activity with one or more state actors, <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the plaintiff has not named any state actors with whom the defendants allegedly conspired in this case.  All that the plaintiff has alleged is that defendant DeGravelles, the plaintiff's friend and mentor, referred the plaintiff for marriage counseling to a private social worker, defendant Kontos, and that the social worker thereafter improperly provided the plaintiff with medication which, in the plaintiff's view, caused him to commit the crime for which he is incarcerated.  The plaintiff further asserts his belief that the referenced medication negated any specific intent which he was required to have in order to be convicted.  When the plaintiff thereafter explained to defendant DeGravelles of the effects of the improperly provided medication, DeGravelles became "incensed" with the plaintiff for "implicat[ing] him in the incident" and contacted attorney Edward Gonzales, "who afterwards arrived at the Ascension Parish Jail and offered to represent plaintiff pro bono ... for the very purpose of fraudulently insuring that defendants DeGravelles and Kontos would not be implicated in the incident."  The plaintiff asserts that, during the resulting criminal trial proceedings, his attorneys labored under a conflict of interest, failed to adequately investigate the effect of the referenced medication on him, and conspired to fraudulently suppress and misrepresent to the jury the evidence which, he asserts, may have

influenced the jury to find that he lacked the requisite mental state for the specific intent crime.

Notwithstanding the plaintiff's dissatisfaction with the representation provided by his attorneys, the law is clear that private attorneys, whether retained or appointed in any proceeding, owe their duty only to their clients and not to the public or to the State. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Thus, the plaintiff's claim asserted against defendant Gonzalez and Romanach is not cognizable because no "state action" was involved and because the federal civil rights statutes do not operate as a vehicle for prosecuting legal malpractice claims against private attorneys. See O'Brien v. Colbath, 465 F.2d 358 (5th Cir. 1972); Ellison v. De La Rosa, 685 F.2d 959 (5th Cir. 1982); United States v. Zibilich, 542 F.2d 259 (5th Cir. 1976). See also Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Accordingly, this claim is groundless and must be dismissed.

In addition, the Court finds that the plaintiff's claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Pursuant to Heck, a prisoner's claim for monetary damages attributable to an alleged wrongful conviction is not cognizable in federal court if a judgment in favor of the plaintiff would necessarily imply the invalidity of such conviction. Heck v. Humphrey, supra. If so, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction has been invalidated or determined to be wrongful by a separate tribunal. Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Heck v. Humphrey</u>, <u>supra</u>.  In the present case, a determination that the plaintiff is entitled to monetary damages as a result of the defendants' alleged wrongful conduct, which conduct allegedly resulted in an unfair criminal trial and conviction, would necessarily imply that his conviction is wrongful and that he should be released from custody or re-tried.  Since the plaintiff has failed to allege that his conviction has been invalidated or called into question in a separate proceeding, his claim for monetary relief resulting from the defendants' conduct falls squarely within the holding of <u>Heck v. Humphrey</u>.  Accordingly, his cause of action for monetary damages arising out of such misconduct has not yet accrued.  <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994)("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-<u>Heck</u>, because the plaintiff's action has been shown to be legally frivolous").  <u>See also</u> <u>Stephenson v. Reno</u>, 28 F.3d 26 (5th Cir. 1994); <u>Johnson v. McElveen</u>, 101 F.3d 423 (5th Cir. 1997).  It is therefore appropriate that the plaintiff's Complaint be dismissed, with prejudice.  <u>Arvie v. Broussard</u>, 42 F.3d 249 (5th Cir. 1994).[1]

Further, there is no other perceived jurisdictional basis for the plaintiff's claim in this court.  Inasmuch as all parties are residents

---

[1]    To the extent that the plaintiff's is ultimately seeking to overturn his conviction, this claim must first be asserted in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  In this regard, when a prisoner brings a claim that directly or indirectly challenges the constitutionality of his conviction, the claim must be pursued in a habeas corpus proceeding.  <u>Serio v. Members of the Louisiana State Bd. of Pardons</u>, 821 F.2d 1112, 1117 (5th Cir. 1987).  Accordingly, because the plaintiff complains herein of an allegedly unfair criminal trial and conviction, his claim necessarily calls into question the fact of his conviction, and he must therefore first pursue this claim in a habeas corpus proceeding.  <u>Keenan v. Bennett</u>, 613 F.2d 127 (5th Cir. 1980); <u>Wilson v. Foti</u>, 832 F.2d 891 (5th Cir. 1987).

of the State of Louisiana, there is no diversity jurisdiction under 28 U.S.C. § 1332.  And with regard to the plaintiff's attempt to establish federal question jurisdiction under 28 U.S.C. § 1331, by relying upon the federal criminal statute, 18 U.S.C. § 4, this reliance is misplaced.  This federal criminal statute, which makes it a federal crime to conceal the commission of a federal crime, does not provide a civil complainant with a private right of action.  See Pankey v. Webster, 816 F.Supp. 553 (W.D. Mo. 1993); Dugar v. Coughlin, 613 F.Supp. 849 (S.D. N.Y. 1985).  Thus, the plaintiff cannot base a civil cause of action on 18 U.S.C. § 4, and cannot invoke this statute as a jurisdictional basis for his present Complaint.

Finally, although the plaintiff seeks to invoke the supplemental jurisdiction of this court, district courts may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court concludes that it is appropriate for the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.[2]

RECOMMENDATION

---

[2]  It does not appear necessary to allow the plaintiff an opportunity to amend his Complaint inasmuch as he has apparently alleged his "best case", and the underlying defect in this case cannot be cured by an amendment.  See, e.g., Watson v. Walton, 68 F.3d 465 (5th Cir. 1995); Wilson v. Zimmerman, 2008 WL 2699740 (E.D. La., July 1, 2008).

It is recommended that this action be dismissed, with prejudice, at least until the conditions set forth in Heck v. Humphrey, supra, are met. See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997) ("Under Heck, [the plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit").

Signed in chambers in Baton Rouge, Louisiana, April 16, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**